**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 02:49 PM May 7, 2019**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| SANDRA CATHERINE POSTIY (DECEASED), | ) | CASE NO. 18-62489 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **NOTICE OF** |
| | ) | **INTENT TO DISMISS** |
| | ) | |

  This case is before the court *sua sponte*. Debtor filed a chapter 7 petition on December 14, 2018. She passed away on January 31, 2019, as set forth in a Notice of Death filed on February 10, 2019.

  The 341 meeting was scheduled for February 12, 2019. On February 27, 2019, the chapter 7 trustee filed a no asset report. The court submitted an order requiring an explanation of who appeared on behalf of Debtor in light of her death. According to the trustee, Debtor's daughters appeared with Debtor's counsel for the 341 meeting held on February 27, 2019. No one provided any authority for these women to appear on behalf of the deceased Debtor.

  While Federal Rule of Bankruptcy 1016 indicates that death alone is not grounds to dismiss a bankruptcy case, and encourages further administration of a case where possible, the court does not read the Rule to allow the court to disregard Code requirements, including the requirement that a debtor appear for a 341 meeting of creditors. 11 U.S.C. § 343. This court routinely dismisses cases when a debtor dies prior to the 341 meeting. In re Cameron, Case No. 18-61635 (Bankr. N.D. Ohio 2018); In re Kouri, Case No. 14-60434 (Bankr. N.D. Ohio 2014);

*see also* In re Schneider, Case No. 17-62364 (Bankr. N.D. Ohio 2018) (declaring deceased debtor in joint chapter 13 case ineligible for discharge because debtor did not participate in a 341 meeting).

Several reasons underlie the court's procedure. The 341 meeting is consequential to the bankruptcy process. As one court noted, unlike a situation where a debtor may be excused from the 341 for illness or disability, death is distinguishable because a deceased debtor can never be compelled to testify at a later time. In re Hamilton, 274 B.R. 266 (Bankr. W.D. Tex. 2001). Thus, the death may occur so early in the process that further administration is simply not possible. In re Waring, 555 B.R. 754 (Bankr. D. Col. 2016). Without someone to represent a deceased debtor in a case, further administration is impossible. In re Marks, 595 B.R 881 (Bankr. E.D. Mich. 2019). Dismissal may be appropriate "where death precludes effective administration." In re Oliver, 279 B.R. 69 (Bankr. W.D.N.Y. 2002).

Moreover, it is not clear who should appear and courts frequently limit the ability of a third party to appear on behalf of a deceased debtor. Lucio denied a motion to allow the deceased debtor's adult daughter, who had power of attorney and extensive knowledge of his finances, to appear following the death. In re Lucio, 251 B.R. 705 (Bankr. W.D. Tex. 2000). Similarly, the court also declined to permit a deceased debtor's wife, also a joint debtor in a case that converted from chapter 13 to 7 following the husband's death, from appearing at the 341 meeting in the chapter 7 case. In re Hamilton, 274 B.R. 266 (Bankr. W.D. Tex. 2001). In fact, this dilemma exists for living debtors. Even when a person has a power of attorney, courts examine the authority granted in the document, demonstrating a court's caution in permitting someone else to act on behalf of a debtor. In re Cherry, 2013 WL 1352294 (Bankr. D. Col. 2013) (involving debtor in intensive care). It also demonstrates that a representative is not the debtor and does not have the same rights or authority as the debtor. In re Boddy, 593 B.R. 643 (Bankr. D. Col. 2018).

The idea that close relatives are disinterested has proven to be false on multiple occasions in this court.

Considering the above, the court hereby provides notice of its intent to dismiss this case. Parties in interest have until no later than **May 29, 2019** to object to dismissal. Any objection should contain a memorandum setting forth a legal foundation. All memoranda must comply with Local Bankruptcy Rule 9013.

It is so ordered.

#  #  #

**Service List:**

Gerald B. Golub
1340 Market Avenue North Suite 1
Canton, OH 44714

Anne Piero Silagy, Esq.
1225 South Main Street Suite 1
North Canton, OH 44720

Heirs/Estate of Sandra Catherine Postiy, *Deceased*
6877 Sun Valley Avenue NE
Canton, OH 44721

Anita Volpe
1649 Noel St.
Louisville, OH   44641